[Cite as *Trinkle v. Cantrell*, 2012-Ohio-1846.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK   COUNTY

ERICA TRINKLE                          :
                                       :       Appellate Case No.   2011-CA-82
          Appellant                    :
                                       :       Trial Court Case No. 11-CA-17
v.                                     :
                                       :
TIMOTHY CANTRELL                       :       (Juvenile Appeal from
                                       :        Common Pleas Court)
          Appellee                     :
                                       :

. . . . . . . . . . .

O P I N I O N

Rendered on the 27th day of April, 2012.

. . . . . . . . . . .

WILFRED L. POTTER, Atty. Reg. #0029121, 234 North Limestone Street, Springfield, Ohio
45503
          Attorney for Appellant

JAMES E. HEATH, Atty. Reg. #0003757, 5 East Columbia Street, Springfield, Ohio 45502
          Attorney for Defendant-Appellee

. . . . . . . . . . . .

HALL, J.

{¶ 1}     Appellant, Erica Trinkle, and Timothy Cantrell, were never married but have a

child together. The child was born in 2007, and in 2008, Cantrell moved for custody. On

February 27, 2009, the parties entered into an Agreed Order that names Trinkle the child's legal custodian and residential parent and gives Cantrell unsupervised visitation rights. The Order also contains provisions governing the child's care in Trinkle's custody.

**{¶ 2}** In 2010, Appellees, the Woodes, moved to join the juvenile court action as defendants and further moved for custody of Trinkle's and Cantrell's child. A custody hearing began in December and was continued on several days. On February 22, 2011, the trial court sustained the Woodes' motion and awarded them custody of the child, finding that Trinkle is an unsuitable parent. Further, the custody order prohibited Cantrell from being in the child's presence unsupervised and prohibited him from living in the same house as the child. Since the Woodes now had custody, the order contained new provisions governing the child's care.

**{¶ 3}** Trinkle appealed the change of custody order, and on October 14, 2011, we reversed, concluding that the finding that Trinkle was unsuitable was not supported by the evidence. *Cantrell v. Trinkle*, 2d Dist. Clark No. 2011-CA-17, 2011-Ohio-5288. Rendering the judgment that the trial court should have rendered, *see* App.R. 12(C), we restored Trinkle as the child's legal custodian and residential parent. Finally, we remanded the case to the trial court "for the purpose of carrying this judgment into execution." *Id.* at ¶ 63.

**{¶ 4}** On remand, the trial court filed an entry that pertinently orders "that all parties shall be obligated to hereafter comply with the Agreed Entry filed February 27, 2009." In her sole assignment of error, Trinkle alleges that, by vacating the entire February 22, 2011 entry and reimposing the Agreed Order, the trial court abused its discretion and violated the "law of the case." She further alleges that the provision in the Agreed Order granting Cantrell unsupervised visitation rights is against the manifest weight of the evidence.

{¶ 5}    Appellate Rule 27 pertinently provides that "a court of appeals may remand its final decrees, judgments, or orders, in cases brought before it on appeal, to the court * * * below for specific or general execution thereof." Section 2505.39 of the Revised Code accords with this rule and further provides that the court below "shall proceed as if the final order, judgment, or decree had been rendered in it." On remand, after our previous reversal, the trial court's mandate was to execute our judgment. But our judgment had restored Trinkle as the child's legal custodian and residential parent. Consequently, an implicit part of the trial court's mandate was to establish provisions that will govern the child's care, including visitation and support, now that Trinkle   again has custody. The court decided to do this by reimposing the provisions in the Agreed Order.

{¶ 6}    Trinkle's particular concern with the restoration of the Agreed Order appears to be the restoration of Cantrell's right to unsupervised visits with the child. The vacated order required Cantrell's visits be supervised, though the trial court does not make clear in its written decision why. Trinkle asserts that the trial court should have held a hearing on this issue, but she did not ask the court for one. The trial court has continuing jurisdiction over visitation, support and care of the child. Trinkle should raise the visitation issue, and any other concerns about provisions of the Agreed Order, with the trial court. The trial court may consider the issue in light of both the evidence presented at the hearing and Trinkle's renewed status as the child's legal custodian and residential parent, or receive evidence on the current status of the child's care. But we do not find error in the initial return to the support and visitation orders that existed before the trial court's change of custody that was reversed.

{¶ 7}    The sole assignment of error is overruled.

**{¶ 8}**  The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and DONOVAN, J., concur.

Copies mailed to:

Wilfred L. Potter
James E. Heath
Hon. Thomas J. Capper